# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
July 14, 2000 Session

## VICTOR T. WILLIAMS v. PERCEY PITZER, ET AL.

### An Appeal from the Circuit Court for Hardeman County
### No. 9202     Jon Kerry Blackwood, Judge

---

### No. W2000-00028-COA-R3-CV - Filed June 1, 2001

---

This is a *habeas* case. A Wisconsin inmate housed in a Tennessee prison filed a petition for a writ of *habeas corpus*. The prisoner was incarcerated in Tennessee pursuant to a contract between the Wisconsin correctional department and a private corporation. In his petition, the prisoner alleged that the Wisconsin correctional department did not have the authority to transfer him across state lines, and thus, his incarceration in Tennessee was illegal. The trial court dismissed his petition for failure to state a claim upon which relief can be granted. The plaintiff prisoner appealed. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Victor T. Williams, Whiteville, Tennessee, Pro Se.

Tom Anderson, Jackson, Tennessee, for the appellee, Percey Pitzer.

### MEMORANDUM OPINION[1]

In this case, Victor T. Williams was convicted of sexual assault and burglary in Wisconsin in 1984, and was sentenced to serve time in a Wisconsin prison. In 1998, Williams was transferred to the Whiteville Correctional Facility in Whiteville, Tennessee, pursuant to a contract between the Wisconsin Department of Corrections ("WDOC") and Corrections Corporation of America ("CCA"). On November 16, 1999, Williams filed a petition for a writ of *habeas corpus* declaring

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by Memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

that he was unlawfully imprisoned in Tennessee because the WDOC lacked statutory authority to transport him across state lines. Additionally, Williams asserted that his transfer to Whiteville resulted in his becoming ineligible for parole or work release. Williams also contended that he was confined under minimum security conditions in Wisconsin, but since his transfer to Tennessee, he has been confined under maximum security conditions. Williams named "Percey Pitzer al. etc." as defendants in this action. Percey Pitzer is the warden of the Whiteville facility.

On November 30, 1999, the trial court entered an order summarily dismissing Williams's petition for failure to state a claim upon which relief can be granted. From this order, Williams appeals. On appeal, Williams argues that the trial court abused its discretion in failing to grant him an evidentiary hearing and erred as a matter of law by dismissing his petition.

A petition for a writ of *habeas corpus* is a complaint seeking relief from an illegal restraint or confinement. *See* Tenn. Code Ann. § 29-21-101 (2000); ***Passarella v. State***, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). In ***Archer v. State***, 851 S.W.2d 157 (Tenn. 1993), the Tennessee Supreme Court stated:

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*Archer*, 851 S.W.2d at 164. If, upon the face of the petition, it is clear that the plaintiff would not be entitled to any relief, the trial court may summarily dismiss the petition. *See* Tenn. Code Ann. § 29-21-109; ***Passarella***, 891 S.W.2d at 627. An evidentiary hearing is not required if the petition clearly fails to establish the necessary facts. ***See Luster v. Bargery***, No. W2000-00022-COA-R3-CV, 2000 WL 1880274, at *2 (Tenn. Ct. App. Dec. 28, 2000).

At the outset, it is clear that Williams's petition must fail because he does not allege that the convicting court was without jurisdiction or authority to sentence him, and he does not allege that his sentence has expired. Williams's petition alleges that the WDOC did not have statutory authority to transport him across state lines, and thus his incarceration in a Tennessee facility is unlawful. On its face, Williams's petition does not fit within the "limited" scope of the *habeas corpus* remedy. ***See Passarella***, 891 S.W.2d at 626.

Moreover, Williams relies heavily on a ruling by a Wisconsin trial judge that, although the WDOC had the statutory authority under Wisconsin law to enter into contracts with private and public entities for the detainment of inmates in other states, it did not have the statutory authority to transfer those inmates across state lines. ***See Evers v. Sullivan***, No. 98-CV-2282 (Wisconsin Circuit Court Order dated Oct. 14, 1999). However, this holding was overruled on appeal. ***See Evers v. Sullivan***, 615 N.W.2d 680, 686 (Wis. Ct. App. 2000).

Because it is clear on the face of Williams's petition that he has failed to allege facts warranting a *habeas corpus* remedy, the trial court did not abuse its discretion in dismissing the petition without granting Williams an evidentiary hearing.

The decision of the trial court is affirmed.  Costs are taxed to the appellant, Victor T. Williams, and his surety, for which execution may issue if necessary.

 

_____
HOLLY KIRBY LILLARD, JUDGE